IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Damian Vont'a Sanders,<br><br>              Plaintiff,<br><br>    vs.<br><br>Cpl. Officer Falvo,<br><br>              Defendant. | Case No.: 4:24-01230-JD-TER<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 37), made under Local Civil Rule 73.02(B)(2) of the District of South Carolina, concerning Defendant Cpl. Officer Falvo's ("Defendant" or "Falvo") Motion for Summary Judgment.[1] (DE 32.)

### A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff Damian Vont'a Sanders ("Plaintiff" or "Sanders") filed this action *pro se* under 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights while housed at the J. Reuben Long Detention Center and seeking monetary damages. (DE 1)

Plaintiff filed an amended complaint on May 2, 2024. (DE 17.) Plaintiff alleges that on December 17, 2023, he requested assistance to be moved from Unit C-2 208 and placed in protective custody. (*Id.*) That night, Plaintiff was removed from the C-2 housing unit. Plaintiff says that on December 18, 2023, Officer Dixon told him that Falvo, a unit manager, stated Plaintiff could either return to C-2 or be placed in the "lock up unit (B4)." (*Id.* at 5). Plaintiff asserts he had safety concerns, but he did nothing to be placed in lockup. Plaintiff claims he returned to the C-2 housing unit and was assaulted by unknown parties while he was sleeping. (*Id.*) Plaintiff asserts that he was treated by medical for injuries including "swelling on the face, head, neck, back, and ribs." (*Id.*) Upon leaving medical, he was placed in the intake unit.

Defendant filed a Motion for Summary Judgment arguing that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). (DE 37.) On December 26, 2024, the Magistrate Judge issued an order under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (DE 35.) Plaintiff did not respond to the motion.

### B. Report and Recommendation

On February 5, 2025, the Magistrate Judge issued the Report recommending that Plaintiff's case be dismissed with prejudice for failure to prosecute or in the alternative that Defendant's Motion for Summary Judgment be granted for failure to exhaust administrative remedies. (DE 37 at 8-9.) Plaintiff did not object to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since there is no objection, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 37) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's claims are dismissed with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 11, 2025

3

## NOTICE OF RIGHT TO APPEAL

The Parties are hereby notified of the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.